By the court.
The obtaining leave to plead a discount was nugatory. The discount law authorises the giving in evidence by way of discount, any cause, matter, or thing, properly the subject of discount, upon the general issue, and not upon any special plea of discount, giving particular notice twelve days before the trial. The discount therefore was propeilv rejected in this case, as the requisite notice had not been given. But the defendant was, notwithstanding, entitled to give the evidence offered by him under the plea of non assumpsit: for whatever shews the contract void, or defeats the promise, as a total failure, infancy, usury, fraud, &c.,is good evidence on non assumpsit. It was formerly insisted that there is a difference between an assumpsit in deed, and an assumpsit in law : that in the last case, the consideration creates, from na. tural justice, a promise of payment, and any mat’er that excuses payment, may bo given i i evidence on non assumpsit.; for the promise to pay is no longer binding or existing m natural justice. But where the promise arises by act of the parties, if any thing is to b§ *300 shewn for excuse of non pe- formance, it must be alleged by proper pleading. See 1 Loffi’s Gilb. Evid. 403. 404. 2 Sid. 236. But this distinction seems to be exploded See 1 Loffi’s GiJb. 408.
The evidence offered in this case did not go merely to shew that ^ negro was not worth the sum promised, as the price of him, and that being unsound, the defendant was entitled to an abatement of the price ; but it was offered to shew that the defendant was deceived in the contract, and that the contract ought to be totally rescinded: the evidence therefore was admissible, as it wont to avoid the contract, and defeat the promise altogether. Sed qumre, if plaintiff should not have notice of this ground of defence 5 for Otherwise he may be surprised.
New trial granted.